COPY

RUSSELL J. FRACKMAN (SBN 49087)
MARC E. MAYER (SBN 190969)
DAVID A. STEINBERG (SBN 130593)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York Corporation; EMI CHRISTIAN MUSIC GROUP INC., a California Corporation; PRIORITY RECORDS, LLC, a Delaware limited liability company; VIRGIN RECORDS AMERICA, INC., a California Corporation; and NARADA PRODUCTIONS, INC., a Wisconsin corporation,

       Plaintiffs,

v.

BLUEBEAT, INC., a Delaware corporation, doing business as www.bluebeat.com; MEDIA RIGHTS TECHNOLOGIES, INC., a California corporation; BASEBEAT, INC., a Delaware corporation, doing business as www.basebeat.com; and HANK RISAN, an individual; and DOES 1 through ~~20~~ 10,

       Defendants.

CASE NO. CV09-08030 JFW (JCx)

NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION OF PLAINTIFFS FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION;

[MEMORANDUM OF POINTS AND AUTHORITIES AND SUPPORTING DECLARATIONS OF ALASDAIR MCMULLAN AND JAMES D. BERKLEY FILED CONCURRENTLY HEREWITH]

FILED 2009 NOV -3 PM 12:55 CLERK US DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

Mitchell Silberberg & Knupp LLP
2430786.DOC

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, Capitol Records, LLC, Caroline Records, Inc., EMI Christian Music Group Inc., Priority Records, LLC, Virgin Records America, Inc., and Narada Productions, Inc. (collectively "Plaintiffs") shall, and hereby do, move the Court *ex parte* for a temporary restraining order that Defendants BlueBeat, Inc., Media Rights Technologies, Inc., Basebeat, Inc., and Hank Risan, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction (collectively, "Defendants"), and each of them, immediately shall:

1.  Cease and refrain from directly or indirectly infringing in any manner any right in any and all copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) (the "Copyrighted Sound Recordings"), including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of Plaintiffs' Copyrighted Sound Recordings (including but not limited to those set forth in Schedule A to the Complaint), whether through the websites www.bluebeat.com, www.basebeat.com, or otherwise; and

2.  Cease and refrain from directly or indirectly infringing in any manner any right in any and all sound recordings originally fixed in a tangible medium of expression prior to February 15, 1972, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right or

Mitchell Silberberg & Knupp LLP
2430786.DOC

under state or common law (the "Pre-1972 Sound Recordings"), including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of Plaintiffs' Pre-1972 Sound Recordings (including but not limited to those set forth in Schedule B to the Complaint), whether through the websites www.bluebeat.com, www.basebeat.com, or otherwise; and

3. Destroy or otherwise reasonably dispose of all copies or phonorecords made or used in violation of Plaintiffs' exclusive rights, including without limitation, by deleting all copies of the Copyrighted Sound Recordings and the Pre-1972 Sound Recordings from the websites www.bluebeat.com and www.basebeat.com and from any database or server owned or controlled by Defendants.

Plaintiffs also move the Court *ex parte* for an Order to Show Cause why a preliminarily injunction should not issue ordering that Defendants, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction (collectively "Defendants"), are:

1. Preliminarily enjoined and restrained pending trial from:

(a) Directly or indirectly infringing in any manner any right in any and all copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right under Section 106 of the

United States Copyright Act (17 U.S.C. § 106) (the "Copyrighted Sound Recordings"), including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of Plaintiffs' Copyrighted Sound Recordings (including but not limited to those set forth in Schedule A to the Complaint), whether through the websites www.bluebeat.com, www.basebeat.com, or otherwise; and

(b)     Directly or indirectly infringing in any manner any right in any and all sound recordings originally fixed in a tangible medium of expression prior to February 15, 1972, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right or under state or common law (the "Pre-1972 Sound Recordings"), including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of Plaintiffs' Pre-1972 Sound Recordings (including but not limited to those set forth in Schedule B to the Complaint), whether through the websites www.bluebeat.com, www.basebeat.com, or otherwise; and

2.     Ordered to destroy or otherwise reasonably dispose of all copies or phonorecords made or used in violation of Plaintiffs' exclusive rights, including without limitation, by deleting all copies of the Copyrighted Sound Recordings and the Pre-1972 Sound Recordings from the websites www.bluebeat.com and www.basebeat.com and from any database or server owned or controlled by Defendants;

3.    Ordered to file with this Court and serve on Plaintiffs, within fourteen (14) days after the service of the Preliminary Injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the requirements of the Temporary Restraining Order and this Preliminary Injunction.

This Application is made pursuant to Federal Rule of Civil Procedure 65, Central District Local Rule 65-1, and 17 U.S.C. § 101 *et seq.*, on the ground that immediate and irreparable injury will result to Plaintiffs unless the activities described above are immediately restrained and enjoined and the other orders sought are immediately entered.

This Application is based on this Notice and the concurrently-filed Memorandum of Points and Authorities, Complaint, Declarations of Alasdair McMullan and James D. Berkley, along with the supporting exhibits, and any evidence and argument presented prior to or at the hearing on this Application.

Pursuant to Local Rule 7-19.1, on November 3, 2009, counsel for Plaintiffs provided written notice to Defendants of the specific date and substance of this *Ex Parte* Application. Specifically, a copy of the Complaint and a full set of Plaintiffs' *Ex Parte* papers were e-mailed to Defendants at the following e-mail addresses: hrisan@bluebeat.com, DesignatedAgent@BlueBeat.com, info@mediarightstech.com, bluebeat@mediarightstech.com, and DesignatedAgent@BaseBeat.com. Additionally, on November 3, 2009, counsel for Plaintiffs placed a telephone call to Defendants at the telephone number (831) 426-4412, to advise Defendants of this Application.

As best Plaintiffs can determine, the mailing address for Defendants is: P.O.

4

Box 8447, Santa Cruz, California 95061, and/or 55 River Street, Suite 200, Santa Cruz, CA 95060.  Plaintiffs have mailed a copy of their Complaint and *ex parte* papers to the foregoing addresses.  Plaintiffs shall serve a copy of their Summons, Complaint, and *ex parte* papers by hand to the 55 River Street address.  Plaintiffs are unaware of whether Defendants are represented by counsel.

DATED: November 3, 2009

RUSSELL J. FRACKMAN
MARC E. MAYER
DAVID A. STEINBERG
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Marc E. Mayer
Attorneys for Plaintiffs

5