RUSSELL J. FRACKMAN (SBN 49087)
MARC E. MAYER (SBN 190969)
DAVID A. STEINBERG (SBN 130593)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York Corporation; EMI CHRISTIAN MUSIC GROUP INC., a California Corporation; PRIORITY RECORDS, LLC, a Delaware limited liability company; VIRGIN RECORDS AMERICA, INC., a California Corporation; and NARADA PRODUCTIONS, INC., a Wisconsin corporation,

    Plaintiffs,

v.

BLUEBEAT, INC., a Delaware corporation, doing business as www.bluebeat.com; MEDIA RIGHTS TECHNOLOGIES, INC., a California corporation; BASEBEAT, INC., a Delaware corporation, doing business as www.basebeat.com; HANK RISAN, an individual; and DOES 1 through 20,

    Defendants.

CASE NO. CV09 08030 JFW (JCx)

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

On reading the Complaint, Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, Memorandum of Points and Authorities, and supporting Declarations and Exhibits filed in this action by Plaintiffs Capitol Records, LLC, Caroline Records, Inc., EMI

Christian Music Group Inc., Priority Records, LLC, Virgin Records America, Inc., and Narada Productions, Inc. (collectively "Plaintiffs"), and it appearing to the satisfaction of the Court that this is a proper case for granting a temporary restraining order and an order to show cause why a preliminary injunction should not issue, and that Plaintiffs have suffered and will continue to suffer irreparable injury unless the temporary restraining order prayed for be granted:

## TEMPORARY RESTRAINING ORDER

IT HEREBY IS ORDERED THAT Defendants BlueBeat, Inc., Media Rights Technologies, Inc., Basebeat, Inc., and Hank Risan, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction (collectively, "Defendants"), and each of them, immediately shall:

1. Cease and refrain from directly or indirectly infringing in any manner any right in any and all copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) (the "Copyrighted Sound Recordings"), including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of Plaintiffs' Copyrighted Sound Recordings (including but not limited to those set forth in Schedule A to the Complaint), whether through the websites www.bluebeat.com, www.basebeat.com, or otherwise; and

2. Cease and refrain from directly or indirectly infringing in any manner any right in any and all sound recordings originally fixed in a tangible medium of expression prior to February 15, 1972, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right or under state or common law (the "Pre-1972 Sound Recordings"), including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of Plaintiffs' Pre-1972 Sound Recordings (including but not limited to those set forth in Schedule B to the Complaint), whether through the websites www.bluebeat.com, www.basebeat.com, or otherwise; and

3. Destroy or otherwise reasonably dispose of all copies or phonorecords made or used in violation of Plaintiffs' exclusive rights, including without limitation, by deleting all copies of the Copyrighted Sound Recordings and the Pre-1972 Sound Recordings from the websites www.bluebeat.com and www.basebeat.com and from any database or server owned or controlled by Defendants.

This Temporary Restraining Order shall become effective immediately upon service on Defendants through the e-mail address hrisan@bluebeat.com. Plaintiffs shall keep a record of the time and date of service on Defendants.

## ORDER TO SHOW CAUSE

IT FURTHER IS ORDERED THAT Defendants BlueBeat, Inc., Media Rights Technologies, Inc., Basebeat, Inc., and Hank Risan, show cause at _____ m. on _____, 2009, or as soon thereafter as

1 counsel may be heard in the courtroom of the Honorable
2 _____, located at _____,
3 Los Angeles, California 90012, why they and their respective agents, servants,
4 directors, officers, principals, employees, representatives, subsidiaries and
5 affiliated companies, successors, assigns, and those acting in concert with them or
6 at their direction (collectively "Defendants"), should not be:

8    1.    Preliminarily enjoined and restrained pending trial from:

10    (a)    Directly or indirectly infringing in any manner any right in any and all copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) (the "Copyrighted Sound Recordings"), including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of Plaintiffs' Copyrighted Sound Recordings (including but not limited to those set forth in Schedule A to the Complaint), whether through the websites www.bluebeat.com, www.basebeat.com, or otherwise; and

22    (b)    Directly or indirectly infringing in any manner any right in any and all sound recordings originally fixed in a tangible medium of expression prior to February 15, 1972, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right or under state or common law (the "Pre-1972 Sound Recordings"), including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly

Mitchell Silberberg & Knupp LLP
2429210.3

4

performing, or otherwise exploiting in any manner any of Plaintiffs' Pre-1972 Sound Recordings (including but not limited to those set forth in Schedule B to the Complaint), whether through the websites www.bluebeat.com, www.basebeat.com, or otherwise; and

2. Ordered to destroy or otherwise reasonably dispose of all copies or phonorecords made or used in violation of Plaintiffs' exclusive rights, including without limitation, by deleting all copies of the Copyrighted Sound Recordings and the Pre-1972 Sound Recordings from the websites www.bluebeat.com and www.basebeat.com and from any database or server owned or controlled by Defendants;

3. Ordered to file with this Court and serve on Plaintiffs, within fourteen (14) days after the service of the Preliminary Injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the requirements of the Temporary Restraining Order and this Preliminary Injunction.

Plaintiffs shall not be required to post a bond upon the issuance of this Temporary Restraining Order and Order to Show Cause.

IT IS SO ORDERED.

DATED: _____

By: _____
United States District Judge
Central District of California

RESPECTFULLY SUBMITTED BY:

RUSSELL J. FRACKMAN
MARC E. MAYER
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Marc E. Mayer
Attorneys for Plaintiffs