ARCHIE S. ROBINSON [SBN. 34789]
  asr@robinsonwood.com
JOSHUA J. BORGER [SBN. 231951]
  jjb@robinsonwood.com
ROBINSON & WOOD, INC.
227 N 1st Street
San Jose, California  95113
Telephone:  (408) 298-7120
Facsimile:   (408) 298-0477

Attorneys for Defendants
BLUEBEAT, INC., MEDIA RIGHTS
TECHNOLOGIES, INC., BASEBEAT,
INC. and HANK RISAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York Corporation; EMI CHRISTIAN MUSIC GROUP INC., a California Corporation; PRIORITY RECORDS, LLC, a Delaware limited liability company; VIRGIN RECORDS AMERICA, INC., a California Corporation; and NARADA PRODUCTIONS, INC., a Wisconsin corporation, | Case No. 2:09-CV-08030-JFW-JC **DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

                    Plaintiffs,

vs.

BLUEBEAT, INC., a Delaware corporation, doing business as www.bluebeat.com; MEDIA RIGHTS TECHNOLOGIES, INC., a California corporation; BASEBEAT, INC., a Delaware corporation, doing business as www.basebeat.com; HANK RISAN, an individual; and DOES 1 through 20, ,

                    Defendants.

**ROBINSON & WOOD, INC.**
ATTORNEYS AT LAW

538097

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

I.    **INTRODUCTION**

Plaintiffs, record companies, have moved for temporary injunctive relief claiming that defendants, through their website, are engaged in pirating their copyrighted sound recordings.

Plaintiffs cannot satisfy the high threshold for obtaining injunctive relief for two reasons. First, defendants' website is entirely lawful and does not constitute piracy. As Plaintiffs know through prior correspondence with Defendants, Defendants developed a series of entirely new and original sounds that it allows the general public to purchase from its website. Plaintiffs' copyright protection does not extend to the independent fixation of sounds other than those contained in their copyrighted recordings. Second, the balancing of harm does not favor granting injunctive relief.

II.    **ANALYSIS**

Temporary restraining orders are governed by the same standards applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp.2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order."). A plaintiff can demonstrate it is entitled to such preliminary relief in either of two ways. Under the "traditional criteria," a plaintiff must show: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest. *Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1158 (9th Cir. 2006). Alternatively, a plaintiff may establish "either a combination of probable success on the merits and the possibility of irreparable harm or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.* These two formulations of the alternate test "represent two points on a sliding scale in which the required degree of irreparable

**ROBINSON & WOOD, INC.**
ATTORNEYS AT LAW

1  harm increases as the probability of success decreases." *LGS Architects, Inc. v.*

2  *Concordia Homes of Nev.*, 434 F.3d 1150, 1155 (9th Cir. 2006).  Plaintiffs cannot

3  satisfy either test.

4      A.    **Plaintiffs are not likely to succeed on the merits**

5          Plaintiffs are not likely to succeed on the merits because Defendants' website

6  markets and sells an entirely different sound recording than that copyrighted by

7  Plaintiffs.  Section 114(b) of the Copyright Act explicitly states that the fixation of

8  other sounds than those in a copyrighted sound recording does not constitute a

9  copyright violation:

> The exclusive right of the owner of copyright in a sound
> recording under clause (1) of section 106 is limited to the
> right to duplicate the sound recording in the form of
> phonorecords or copies that directly or indirectly recapture
> the actual sounds fixed in the recording.  The exclusive
> right of the owner of copyright in a sound recording under
> clause (2) of section 106 is limited to the right to prepare a
> derivative work in which the actual sounds fixed in the
> sound recording are rearranged, remixed, or otherwise
> altered in sequence or quality.  The exclusive rights of the
> owner of copyright in a sound recording under clauses (1)
> and (2) of section 106 do not extend to the making or
> duplication of another sound recording that consists
> entirely of an independent fixation of other sounds, even
> though such sounds imitate or simulate those in the
> copyrighted sound recording.

17 U.S.C. 114(b).

          Defendants' actions fall precisely within this exception.  Defendants did not

copy and sell Plaintiffs' sounds.  Rather, as Defendants notified Plaintiffs on

November 2, 2009 ,[1] Defendants independently developed their own original

sounds.  Those new, innovative sounds are related sounds to audio visual materials

---

          [1] See email dated November 2, 2009, attached hereto and marked as Exhibit
A, from Hank Risan to Steve Marks, general counsel for the Recording Industry
Association of America, the trade association which represents most of the
recording labels in America, including the Plaintiffs herein.

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

538097

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

1  for which Defendants have been granted U.S. copyrights.[2]  Plaintiffs

2  mischaracterize the public performance by Defendants.  Defendants do not transmit

3  digital audio performances; instead, Defendants deliver audio visual performance

4  with related sounds pursuant to their copyrights.  The Copyright Act clearly exempts

5  such activities from liability for infringement.

6      **B.    The balancing of the hardships favors the defendants**

7      The balancing of the hardships favors Defendants.  As an initial matter,

8  plaintiffs have not shown that monetary damages are insufficient to compensate

9  them for damages that they allegedly would suffer should temporary injunctive

10  relief be denied.  Plaintiffs cannot thus demonstrate the existence of any potential

11  irreparable damage.  *Los Angeles Memorial Coliseum Comm'n v. National Football

12  League*, 634 F.2d 1211, 1202 (9th Cir. 1980).  This standing alone warrants the

13  denial of the request for injunctive relief.  Moreover, an injunction would require

14  defendants to cease all operations and significantly harm, if not destroy, their

15  business.

16      **C.    Balancing of the hardships**

17      The balancing of the hardships favors denial of Plaintiffs' application because

18  Plaintiffs are unlikely to succeed on the merits and, thus, any harm will be sustained

19  solely by Defendants.  Furthermore, even if Plaintiffs win a trial, they can be

20  compensated entirely by monetary recovery.  Injunctive relief is not necessary.

21

22  **III.  CONCLUSION**

23      For the aforementioned reasons, Defendants respectfully request that the

24  Court deny Plaintiffs' *ex parte* application for a temporary restraining order.

25

26  _____

27  [2] Attached hereto and marked as Exhibit B are copies of the U.S. Copyrights
covering said audio visual materials.

28

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

ROBINSON & WOOD, INC.
ATTORNEYS AT LAW

1   Dated: November 4, 2009                    ROBINSON & WOOD, INC.

2

3

4                                              By:              /s/
                                                    ARCHIE S. ROBINSON
5                                                   JOSHUA J. BORGER
                                               Attorneys for Defendants
6                                              BLUEBEAT, INC., MEDIA RIGHTS
                                               TECHNOLOGIES, INC., BASEBEAT,
7                                              INC. and HANK RISAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ROBINSON & WOOD, INC.**
ATTORNEYS AT LAW

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION