RUSSELL J. FRACKMAN (SBN 49087)
MARC E. MAYER (SBN 190969)
DAVID A. STEINBERG (SBN 130593)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York Corporation; EMI CHRISTIAN MUSIC GROUP INC., a California Corporation; PRIORITY RECORDS, LLC, a Delaware limited liability company; VIRGIN RECORDS AMERICA, INC., a California Corporation; and NARADA PRODUCTIONS, INC., a Wisconsin corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BLUEBEAT, INC., a Delaware corporation, doing business as www.bluebeat.com; MEDIA RIGHTS TECHNOLOGIES, INC., a California corporation; BASEBEAT, INC., a Delaware corporation, doing business as www.basebeat.com; and HANK RISAN, an individual; and DOES 1 through 10,<br><br>Defendants. | CASE NO.  2:09-cv-08030 JFW (JC)<br><br>Honorable John F. Walter<br><br>**REPLY MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION OF PLAINTIFFS FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

Mitchell Silberberg & Knupp LLP

2434531.DOC

The cursory memorandum of Defendants in Opposition to Plaintiffs' *Ex Parte* Application ("Opposition") is nonsensical, deliberately misconstrues the Copyright Act (including the scope of rights accorded to the owner of sound recordings under Section 114), and ultimately confirms that Defendants are in fact copying, distributing, and publicly performing Plaintiff's copyrighted and pre-1972 sound recordings without license or authorization.

Defendants' assertion that the BlueBeat Website "markets and sells an entirely different sound recording than that copyrighted by Plaintiffs" (Opp. at 3) is completely false. Review of any of the recordings sold and publicly performed by the BlueBeat Website confirms that Defendants are selling and performing the *exact same* sound recordings owned by Plaintiffs. The copies offered by Defendants are not comprised of "new and original" sounds; they are copies of the identical material that is embodied on Plaintiffs' sound recordings (i.e., the same performances, by the same recording artists.) Were it otherwise, Defendants would not be able to sell those recordings on the BlueBeat Website. Indeed, descriptions of each of Plaintiffs' recordings made available on the BlueBeat website *credit Plaintiffs and their recording artists*, and Defendants promise on the BlueBeat Website that all such recordings are of "perfect fidelity."[1] That is copyright infringement, whether the works are sold and performed by themselves or somehow (as Defendants claim) incorporated into an "audiovisual work." See <u>Agee v. Paramount Commun., Inc.</u>, 59 F.3d 317, 322 (2d Cir. 1995) ("The plain implication of section 114(b) is that commercial entities…may not reproduce sound recordings on soundtracks of audiovisual works…")

In essence, what Defendants seem to be arguing is that because they *copied* Plaintiffs' sound recordings using their own proprietary technology, they have created a "new," "independently fixed" sound recording. That is wrong. It is

---

[1] See <u>http://www.bluebeat.com/support/main/259</u>

Mitchell Silberberg & Knupp LLP
2434531.DOC

1

infringement to reproduce, distribute, and digitally publicly perform a copyrighted sound recording, regardless of the technical means or manner by which the infringing copies are *created*. Defendants' "psycho-acoustic simulation" argument is the equivalent of claiming that the sound recordings Defendants are selling were "independently fixed" and noninfringing because they were created using music recorded or captured from the radio. Such a theory would, of course, completely eviscerate the rights of sound recording owners, and it thus has been firmly and consistently rejected. In United States v. Taxe, 540 F.2d 961 (9th Cir. 1976), the Ninth Circuit affirmed a criminal conviction of a defendant who engaged in "record piracy" by using "specially adapted electronic tape equipment" to re-record sound recordings. The Court easily rejected the defendant's argument that by using this technique he "independently fixed" the sound recording:

> "The copyright owner's right to reproduce the sound recording is limited to recapture of the original sounds, but that right can be infringed by an unauthorized re-recording which, despite changes in the sounds duplicated, results in a work of 'substantial similarity'… [The copyright owner] can protect his right of reproduction from persons who produce an audibly equivalent work by re-recording."

540 F.2d at 965 n.2. See also Bridgeport Music, Inc. v. Dimension Films, 410 F.3d 792, 801 & 802 n. 13 (6th Cir. 2005) (re-recording of sounds, including through digital sampling, is copyright infringement).

Defendants' reading of Section 114 of the Copyright Act intentionally misreads and distorts the statute and is wrong. The portion of Section 114 quoted by Defendants (concerning the "independent fixation of *other sounds*") (emphasis added) has no relevance here. That provision is intended to clarify that a new recording of a completely *different performance* or by a *different performer* (for example, a "cover" version of a song) would not infringe the sound recording copyright, even if that new performance set out to imitate the original. It does not

Mitchell Silberberg & Knupp LLP
2434531.1

2

1  permit entities such as Defendants to sell homemade copies of Plaintiffs' sound
2  recordings. As Congress explained:

3  "Subsection (b) of section 114 makes clear that statutory
4  protection for sound recordings… would not prevent a
   separate recording of *another performance* in which
5  those sounds are imitated. Thus, infringement takes
   place whenever all or any substantial portion of the actual
6  sounds that go to make up a copyrighted sound recording
7  are reproduced in phonorecords by repressing,
   transcribing, recapturing off the air, or any other method,
8  or by reproducing them in the soundtrack or audio
9  portion of a motion picture or other audiovisual work.
   Mere imitation of a recorded performance would not
10 constitute a copyright infringement even where one
11 performer deliberately sets out to simulate another's
   performance as exactly as possible." (emphasis added).
12

13 See H.R. Rep. No. 94-1476, 1976 U.S.C.C.A.N. 5659, 5721 (Sept. 3, 1976). See
14 also Bridgeport Music, Inc. v. Dimension Films, 410 F.3d 792, 800 (6th Cir. 2005)
15 ("[T]he world at large is free to imitate or simulate the creative work fixed in the
16 recording so long as an actual copy of the sound recording itself is not made.")
17 What Defendants are selling are the original recorded performances, not
18 independently recorded "cover" versions of songs embodied in the recordings.[2]
19     Finally, Defendants completely ignore that many of the recordings they are
20 making available on the BlueBeat Website (including the Beatles recordings) were
21 fixed prior to February 15, 1972, and thus are subject to the protections of
22 California state law. Defendants offer no defense whatsoever to these claims, and
23

---

24 [2] It also should be noted that Section 114(b) applies *only* to the reproduction and
25 adaptation rights (Section 106(1) and (2)) and has no bearing on, and does not
   limit, Plaintiffs' exclusive rights of distribution (Section 106(3)) or digital public
26 performance (Section 106(6)). Additionally, to the extent that Defendants have
   digitally altered, manipulated, remixed or otherwise modified Plaintiffs'
27 recordings, that is a violation of their adaptation right. See 17 U.S.C. § 114(b)
   (adaptation right of sound recording owner extends to works in which the sounds
28 are "rearranged, remixed, or otherwise altered in sequence or quality.")

Mitchell
Silberberg &
Knupp LLP

2434531.1

3

1. it is clear that their conduct violates California law.  See <u>A & M Records, Inc. v. Heilman</u>, 75 Cal. App. 3d 554, 564 (1977) (duplication and sale of pre-1972 sound recordings "presents a classic example of the unfair business practice of misappropriation"); <u>Capitol Records, Inc. v. Erickson</u>, 2 Cal. App. 3d 526, 537 (1969) (preliminary injunction affirmed against reproduction and sale of plaintiff's pre-1972 sound recordings).

Defendants' argument is without merit.  Accordingly, Plaintiffs' *ex parte* Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction should promptly be granted.

DATED: November 4, 2009

RUSSELL J. FRACKMAN
MARC E. MAYER
DAVID A. STEINBERG
MITCHELL SILBERBERG & KNUPP LLP

By:   /s/Marc E. Mayer
      Marc E. Mayer