# EMI MUSIC
## Confidentiality Agreement

This Confidentiality Agreement ("Agreement") is entered into and is effective as of November 10, 2003 by and between EMI Music, a division of Capitol Records, Inc. (together with its affiliates, "EMI") and the entity named below (together with its affiliates, "Company").

1. **Definition of Confidential Information**: Each party agrees that all information and materials disclosed by EMI and Company regarding a proposed business transaction between the parties ("Transaction"), including the terms and conditions of this Agreement and the existence of the discussion between the parties, will be considered and referred to in this Agreement as the "Confidential Information" of the disclosing party. Confidential Information, however, does not include information that: is now or subsequently becomes generally available to the public through no fault or breach on the part of the receiving party; the receiving party can demonstrate to have had rightfully in its possession prior to disclosure; is independently developed by the receiving party without the use of any Confidential Information; or the receiving party rightfully obtains from a third party who has the right to transfer or disclose it.

2. **Nondisclosure and Nonuse of Confidential Information**: Each party agrees to use the Confidential Information of the other party for the sole purpose of evaluating the Transaction and not to use, disclose, publish, or otherwise disseminate the other party's Confidential Information to anyone other than those of its employees with a need to know. Each party shall take all reasonable precautions to prevent any unauthorized use, disclosure, publication, or dissemination of the other party's Confidential Information. Without limiting the generality of the foregoing, neither party may use Confidential Information of the other party otherwise for its own or any third party's benefit without the prior written approval of the disclosing party in each instance. The foregoing restrictions on Confidential Information shall not apply to Confidential Information that is required by order of a competent authority to be disclosed in connection with any suit, action or other formal dispute related to the Confidential Information, or otherwise required to be disclosed as a matter of law; _provided_ that prior written notice of such disclosure is furnished to the disclosing party as soon as practicable in order to afford disclosing party an opportunity to seek a protective order (it being agreed that if the disclosing party is unable to obtain or does not seek a protective order and the receiving party is legally compelled to disclose such information, disclosure of such information may be made without liability).

3. **Return of Confidential Information**: Each party agrees that within five days of a request from a disclosing party, it shall, at the discretion of the disclosing party: (a) return all Confidential Information held or used by the receiving party in note, memorandum, print, letter report or other tangible record to the disclosing party, including all copies thereof, or (b) destroy all such Confidential Information, including copies thereof. In either case, at the request of the disclosing party, the receiving party shall deliver a certificate signed by an appropriate person of the receiving party stating that the receiving party complied in full with the terms of this Paragraph 3.

4. **Miscellaneous**: All Confidential Information remains the property of the disclosing party and no license or other rights to Confidential Information is granted or implied hereby. All Confidential Information is provided "AS IS", without any warranty, whether expressed or implied, as to its accuracy or completeness. Each party hereby acknowledges that unauthorized disclosure or use of Confidential Information of the other party could cause irreparable harm and significant injury to the disclosing party that may be difficult to ascertain. Accordingly, each party agrees that the disclosing party has the right to seek and obtain immediate injunctive relief to enforce obligations under this Agreement, in addition to any other rights and remedies each party may have.

5. **Entire Agreement/Governing Law/Term**: This Agreement supersedes all prior or contemporaneous oral or written agreements concerning the subject matter hereof. This Agreement may not be amended except by the written agreement signed by authorized representatives of both parties. This agreement will be governed by and construed in accordance with the laws of the State of New York, excluding that body of New York law concerning conflicts of law. The term of this Agreement shall be three (3) years from the date first written above.

Understood and Agreed to by the duly authorized representatives of the parties:

EMI:    
By: _[signature]_    
Name: KEN PARKS    
Title: VP    

MUSIC PUBLIC BROADCASTING:    
By: _[signature]_    
Name: Hank Risan    
Title: Chief Executive Officer    

EXHIBIT I  PG 1