ARCHIE S. ROBINSON [SBN. 34789]
  asr@robinsonwood.com
ROBINSON & WOOD, INC.
227 N 1st Street
San Jose, California  95113
Telephone: (408) 298-7120
Facsimile:  (408) 298-0477

Attorneys for Defendants
**BLUEBEAT, INC., MEDIA RIGHTS TECHNOLOGIES, INC., BASEBEAT, INC. and HANK RISAN**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York Corporation; EMI CHRISTIAN MUSIC GROUP, INC., a California Corporation, PRIORITY RECORDS, LLC, a Delaware limited liability company; VIRGIN RECORDS AMERICA, INC., a California Corporation; and NARADA PRODUCTIONS, INC., a Wisconsin corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BLUEBEAT, INC., a Delaware corporation, doing business as www.bluebeat.com, MEDIA RIGHTS TECHNOLOGIES, INC., a California corporation; BASEBEAT, INC., a Delaware corporation, doing business as www.basebeat.com and HANK RISAN, an individual; and Does 1 through 20,<br><br>Defendants. | Case No. CV 09 08030 JST (JCx)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1**<br><br>Date: January 24, 2011<br>Time: 1:30 p.m.<br>Crtrm.: 10A (Santa Ana Courtroom)<br>Judge: Hon. Josephine Staton Tucker<br><br>Pre-Trial Conf.: 1/24/2011 @ 1:30 p.m.<br>Trial Date: 2/22/2011 @ 9:00 a.m. |

## I. INTRODUCTION

Defendants oppose Plaintiffs' motion in limine number one to preclude evidence or argument concerning the Defendants' "Secure X1" or related digital

rights management technology, including communications concerning such technology.

## II. FACTUAL BACKGROUND

Beginning in 2001, Defendant Risan spent years developing a proprietary Serial Copy Management System ("SCMS"), called the Secure XI Recording Control. During the course of this development, Plaintiffs entered into non-disclosure agreements with MRT for the purpose of evaluating the effectiveness of MRT's SCMS. During demonstrations of the SCMS, Plaintiffs were advised that ephemeral copies of their sound recordings had been made pursuant to 17 U.S.C. 112 and that simulations had been created therefrom. The Plaintiffs consented to Defendants' activities.

In addition, the Plaintiffs' trade association, Recording Industry Association of America ("RIAA") and the latter's parent organization, International Foundation of the Phonographic Industry ("IFPI"), tested defendants' SCMS for its effectiveness in preventing piracy of sound recordings. During the course of these demonstrations and tests, the RIAA and IFPI were fully advised that plaintiffs' sound recordings had been copied and subjected to Defendants' process of creating simulations therefrom. Both organizations consented to the Defendants' activities.

Before the launch of the BlueBeat website in 2004, the Plaintiffs and Defendants agreed upon a display standard for the simulations of Plaintiffs' works. Further, arrangements were made, including the creation and delivery of confidential passwords, permitting Plaintiffs to access the BlueBeat website and to evaluate the BlueBeat service for unlicensed or infringing material on the site prior to its public launch. During pre-launch discussions of the BlueBeat website, plaintiff EMI was specifically advised that BlueBeat would be transmitting audiovisual displays, protected by copyrights issued to it, containing simulations of EMI sound recordings that had been independently created by MRT and delivered by direct download encrypted to permit one play only. EMI tested BlueBeat's

audiovisual display transmissions, found MRT's SCMS to be 100% effective, and explicitly approved BlueBeat's site for public launch.

### III. ANALYSIS

Evidence related to Plaintiffs' authorization for Defendants to make simulations of their recordings relates directly to Plaintiffs' damages claim. Specifically, because Plaintiffs authorized the making of simulations from copies of their works, Plaintiffs are estopped from claiming damage arising out of such copies.

But even if it be assumed, *arguendo,* that Defendants were mistaken in their belief that permission had been granted, communications between Plaintiffs and Defendants relative to the making of the simulations bear directly on the issue of whether Defendants were aware or had reason to believe their acts constituted infringement which, in turn, affects the amount of statutory damages that may be awarded under Section 504:

> " . . . In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200."  17 U.S.C. § 504(c)(2).

Plaintiffs have also not met the high threshold required for barring evidence under Rule 403 of the Federal Rules of Evidence. To exclude relevant evidence under Rule 403, its probative value must be *substantially* outweighed by one of the enumerated risks (i.e., "unfair prejudice," "confusion of the issues," "misleading the jury," "undue delay," "waste of time," or "needless presentation of cumulative evidence"). Plaintiffs assert that this evidence is a waste of time and would confuse the issues and mislead the jury.

The subject evidence is central to the statutory damage claim and, as a result, cannot be deemed a waste of time. The court may not exclude *essential* evidence simply because its presentation will require a little time. If the evidence has

1  *substantial probative value*, even a lengthy presentation is *not* a "waste" of time.
2  Exclusion of evidence under Rule 403 is allowed only if the probative value is
3  minimal compared to the time it will consume.  *See McCluney v. Jos. Schlitz*
4  *Brewing Co.*, 728 F.2d 924, 928-29 (7th Cir. 1984).  Defendants' evidence here will
5  consist of the testimony of three or four witness and fewer than twenty emails.
6  Thus, the consumption of time argument is a red herring.
7     The issue of jury confusion is likewise without merit.  That objection arises
8  most frequently in cases where evidence is being offered to prove a collateral
9  issue—*i.e.*, "when its admission would lead to litigation of collateral issues, thereby
10 creating a side issue which might distract the jury from the main issues."  *Blancha v.*
11 *Raymark Industries*, 972 F.2d 507, 516 (3rd Cir. 1992).  Here, the evidence is
12 directly relevant to Plaintiffs' damages claim and, hence, should not be barred as
13 "collateral."

## IV.  CONCLUSION

15    For the aforementioned reasons, the Defendants respectfully request that the
16 Court deny the Plaintiffs' motion in limine number one to preclude evidence or
17 argument concerning the Defendants' "Secure X1" or related digital rights
18 management technology, including communications concerning such technology.

20 Dated:  January 3, 2011                ROBINSON & WOOD, INC.

23                                        By:  /s/ *Archie S. Robinson*
                                               ARCHIE S. ROBINSON
24                                        Attorneys for Defendants
25                                        BLUEBEAT, INC., MEDIA RIGHTS
                                          TECHNOLOGIES, INC., BASEBEAT,
26                                        INC. and HANK RISAN

**ROBINSON & WOOD, INC.**
ATTORNEYS AT LAW

631537

4                                                          CV 09 08030 JST (JCx)
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 1