RUSSELL J. FRACKMAN (SBN 49087)
rjf@msk.com
MARC E. MAYER (SBN 190969)
mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York Corporation; EMI CHRISTIAN MUSIC GROUP INC., a California Corporation; PRIORITY RECORDS, LLC, a Delaware limited liability company; VIRGIN RECORDS AMERICA, INC., a California Corporation; and NARADA PRODUCTIONS, INC., a Wisconsin corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>BLUEBEAT, INC., a Delaware corporation, doing business as www.bluebeat.com; MEDIA RIGHTS TECHNOLOGIES, INC., a California corporation; BASEBEAT, INC., a Delaware corporation, doing business as www.basebeat.com; and HANK RISAN, an individual; and DOES 1 through 20,<br><br>    Defendants. | CASE NO. CV09-8030 JST (JCx)<br><br>The Honorable Josephine Staton Tucker<br><br>**CONSENT JUDGMENT**<br><br>STIPULATION FOR ENTRY OF JUDGMENT LODGED CONCURRENTLY HEREWITH |

[PROPOSED] CONSENT JUDGMENT

Plaintiffs Capitol Records, LLC, Caroline Records, Inc., EMI Christian Music Group Inc., Priority Records, LLC, Virgin Records America, Inc., and Narada Productions Inc. (collectively, "Plaintiffs") and Defendants BlueBeat, Inc., Media Rights Technologies, Inc., Basebeat, Inc., and Hank Risan (collectively "Defendants") having entered into a Stipulation for Entry of Judgment,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Judgment shall be entered against Defendants, jointly and severally, on Plaintiffs' First, Second, Third and Fourth Claims for Relief in the amount of nine hundred fifty thousand dollars ($950,000).

2. The foregoing judgment shall be exclusive of, and neither Plaintiffs nor Defendants shall waive their rights with respect to recovery of, Plaintiffs' attorneys' fees and full costs pursuant to applicable law, and Defendants may oppose any such motion.

3. Defendants and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction (collectively "Defendants"), shall immediately and permanently cease and desist from:

    (a) Directly or indirectly infringing in any manner any right in any and all copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) (the "Copyrighted Sound Recordings"), including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading,

|   |   |
|---|---|
| 1 | linking to, transmitting, publicly performing, or otherwise exploiting |
| 2 | in any manner any of Plaintiffs' Copyrighted Sound Recordings |
| 3 | (including but not limited to those set forth in Schedule A to the |
| 4 | Amended Complaint), whether through the websites |
| 5 | www.bluebeat.com, www.basebeat.com, or otherwise; and |
| 6 | |
| 7 | (b)     Directly or indirectly infringing in any manner any right in an |
| 8 | and all sound recordings originally fixed in a tangible medium of |
| 9 | expression prior to February 15, 1972, in which any Plaintiff |
| 10 | (including its parents, subsidiaries, affiliates, or distributed labels) |
| 11 | owns or controls an exclusive right or under state or common law (the |
| 12 | "Pre-1972 Sound Recordings"), including without limitation by |
| 13 | directly or indirectly copying, reproducing, downloading, distributing, |
| 14 | communicating to the public, uploading, linking to, transmitting, |
| 15 | publicly performing, or otherwise exploiting in any manner any of |
| 16 | Plaintiffs' Pre-1972 Sound Recordings (including but not limited to |
| 17 | those set forth in Schedule B to the Amended Complaint), whether |
| 18 | through the websites www.bluebeat.com, www.basebeat.com, or |
| 19 | otherwise. |

4.    Defendants irrevocably and fully waive any and all rights to appeal the Consent Judgment, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

5.    Defendants hereby consent to the issuance of an order or judgment by any other court in any other country, territory, state, province or jurisdiction, recognizing and enforcing the Consent Judgment issued by this Court in the same manner as a judgment or order of any court with competent jurisdiction to enforce the Consent Judgment.

6. Nothing contained in the Consent Judgment shall limit the right of Plaintiffs to seek relief, including without limitation, damages and/or contempt sanctions, for any and all infringements by Defendants of any of their rights occurring after the date Judgment is entered.

7. The Court finds there is no just reason for delay in entering this Consent Judgment and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Consent Judgment against Defendants, jointly and severally.

8. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Judgment.

DATED: March 25, 2011

By: _____
The Honorable Josephine Staton Tucker
United States District Judge
Central District of California